UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CASSANDRA LEE BROCK,

                              Plaintiff,

                                                      Case # 19-CV-6082-FPG

v.

                                                      DECISION & ORDER

DEP. STEPHANIE LOGSDON, *et al.*,

                              Defendants.

## INTRODUCTION

On December 7, 2022, the Court issued an omnibus Decision & Order.  ECF No. 171.  In relevant part, the Court: (1) affirmed in part and vacated in part Magistrate Judge Pedersen's July 26, 2022 Decision & Order, (2) granted summary judgment against Plaintiff with respect to his federal-law claim against Defendant Shawn Whitford, and (3) requested further briefing concerning the exercise of supplemental jurisdiction over Plaintiff's remaining state-law claims. *Id.* at 17.  The parties submitted their briefing on the issue of supplemental jurisdiction, *see* ECF Nos. 172, 174, and Defendants filed a letter seeking further action on sanctions they have requested.  ECF No. 173.  The Court addresses these matters in this Decision & Order.

## DISCUSSION

**I.    Defendants' December 13, 2022 Letter (ECF No. 173)**

In September 2021, Plaintiff moved for sanctions on the ground that Defendants had "deliberately and intentionally abused the discovery process by purposely providing [P]laintiff with incorrect information, suppressing documents, and perjured testimony on a key issue."  ECF No. 90-1 at 5.  Defendants opposed the motion, arguing that the motion was frivolous.  ECF No.

120.   Defendants alleged that Plaintiff's counsel "disregard[ed] the ethical rules and code of conduct," warranting an award of costs to Defendants "for expenses associated with responding to this motion."  *Id.* at 32-33.  In July 2022, Judge Pedersen denied Plaintiff's motion and granted Defendants' request for "fees and costs associated with opposing Plaintiff's motion."  ECF No. 160 at 26.  In its December 7, 2022 Decision & Order, the Court affirmed Judge Pedersen's rulings except "insofar as [he] award[ed] fees and costs," since Judge Pedersen had not stated a "rationale for such an award" in his decision.  ECF No. 171 at 8.  "Because the legal and factual rationale for awarding sanctions to Defendants [was] unclear from Magistrate Judge Pedersen's decision," the Court vacated "that portion of the decision."  *Id.*

On December 13, 2022, Defendants submitted a letter requesting that Judge Pedersen "provide an explanation for the award of costs and fees."  ECF No. 173 at 1.

Although Defendants' letter is addressed to Judge Pedersen, the Court takes this opportunity to clarify its prior ruling.  In vacating Judge Pedersen's award of fees and costs, the Court does not take any position on the underlying merits of Defendants' request for such an award.  "Generally, orders relating to discovery sanctions are considered nondispositive," and they are reviewed by the district court "under the clear error and contrary to law standards."  *Capricorn Mgmt. Sys., Inc. v. GEICO*, No. 15-CV-2926, 2020 WL 1242616, at *4 (E.D.N.Y. Mar. 16, 2020); *see also* 28 U.S.C. § 636(b)(1)(A).  Judge Pedersen's decision to award fees and costs to Defendants is not necessarily clearly erroneous or contrary to law.  The Court vacated the award only because it was unable to discern the legal or factual basis for Judge Pedersen's decision, which thereby inhibited it from applying the proper standards of review.  Consistent with the Court's referral order, it is within Judge Pedersen's discretion to decide how to handle Defendants' award request—whether by issuing a brief written order on the papers already submitted,

2

requesting further briefing, or reconsidering the matter *de novo*.  If sought, this Court's review of any subsequent order will remain governed by 28 U.S.C. § 636(b)(1)(A).

## II.    Defendants' Rule 11 Motion for Sanctions (ECF No. 146)

In their December 13, 2022 letter, Defendants also requested a ruling on their pending Rule 11 motion for sanctions.[1]  *See* ECF No. 173 at 1.  For the reasons that follow, that motion is DENIED.

In January 2019, Plaintiff—as administrator of Colon's estate—brought this action after Colon died due to fentanyl overdose while in custody at the Livingston County jail.  In December 2019, the Court granted Plaintiff's motion to amend the complaint in part, allowing Plaintiff to proceed with, *inter alia*, a § 1983 claim against Deputies Sanford and Whitford for deliberate indifference to Colon's medical needs.  Specifically, the Court found plausible Plaintiff's allegations that Sanford and Whitford were deliberately indifferent to the "life-threatening danger" posed by Colon's ingestion of fentanyl.  ECF No. 19 at 9-10.  As alleged, Sanford and Whitford failed to communicate to jail staff the "extent of Colon's intoxication" or the "evidence of recent drug use"—omissions that "posed an excessive risk of harm to Colon."  *Id.* at 10-11.

After discovery concluded, Defendants sent a letter to Plaintiff's counsel, notifying him that they intended to file a Rule 11 motion for sanctions if Plaintiff failed to "withdraw her federal claim against Deputies Whitford and Sanford."  ECF No. 146-1 at 6; *see* ECF No. 146-13.  Plaintiff did not take any immediate action in response.  In May 2022, the parties cross-moved for summary judgment.  ECF Nos. 140, 141.  On June 9, 2022, Defendants filed their Rule 11 motion for sanctions.  ECF No. 146.  Defendants argued that Plaintiff's "federal claim against Deputies Sanford and Whitford is frivolous and a waste of judicial resources" because no evidence was

---

[1] Although Defendants requested that Judge Pedersen rule on their motion, this Court will handle the matter.

found during discovery that shows that "Whitford or Sanford acted with the requisite state of mind to support a deliberate indifference claim." ECF No. 146-14 at 2-3. Defendants also asserted that it was obvious that Sanford was not personally involved in any constitutional violation; that both Whitford and Sanford were entitled to qualified immunity; and that neither defendant proximately caused Colon's death. *See generally* ECF No. 146-14. Thereafter, Plaintiff withdrew "all causes of action against Deputy Sanford," but continued to litigate the § 1983 claim against Whitford. ECF No. 151-2 at 15; *see also* ECF No. 171 at 10 n.4. Ultimately, the Court granted summary judgment in Whitford's favor on the § 1983 claim, concluding that there was insufficient evidence to support either prong of a deliberate indifference claim. *See* ECF No. 171 at 12-15.

"Rule 11(b) of the Federal Rules of Civil Procedure states that an attorney who presents 'a pleading, written motion, or other paper' to the court thereby 'certifies' that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the filing is: (1) not presented for any improper purpose, 'such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;' (2) 'warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;' and (3) either supported by evidence or 'will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'" *Cameau v. Nat'l Recovery Agency, Inc.*, No. 15-CV-2861, 2018 WL 4522104, at *6 (E.D.N.Y. Aug. 6, 2018) (quoting Fed. R. Civ. P. 11(b)). "To avoid the risk of sanctions under Rule 11, counsel is charged with a duty to undertake a reasonable inquiry to ensure that papers filed are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Id.* (internal quotation marks omitted). Counsel's duty is not measured "solely as of the time [the papers] are filed with or submitted to the court, but include[s] reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they

cease to have any merit." Fed. R. Civ. P. 11, 1993 Advisory Committee Notes. As is relevant here, "Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim upon an express request by his or her adversary after learning that the claim [is] groundless." *Carlton Grp., Ltd. v. Tobin*, No. 02-CV-5065, 2003 WL 21782650, at *6 (S.D.N.Y. July 31, 2003) (internal quotation marks and brackets omitted).

The standard for imposing Rule 11 sanctions . . . is purposefully high, so as not to stifle legal creativity and zealous advocacy." *Galin v. Hamada*, 283 F. Supp. 3d 189, 201 (S.D.N.Y. 2017). "[A] court must resolve all doubts in favor of the signer of the pleading, and may impose sanctions only where an attorney's conduct was objectively unreasonable." *Id.* (internal quotation marks, citations, and brackets omitted). Rule 11 targets situations "where it is patently clear that a claim has absolutely no chance of success." *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991) (internal quotation marks omitted). "With respect to factual contentions, sanctions may not be imposed unless a particular allegation is utterly lacking in support." *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014) (internal quotation marks omitted).

Resolving all doubts in favor of Plaintiff's counsel, the Court cannot conclude that his conduct—continuing to pursue the § 1983 claim against Whitford and Sanford after discovery—was objectively unreasonable. At the beginning of this litigation, Plaintiff's claim was not farfetched. An arrestee's death from a drug overdose, while he was in jail and after he had been searched, is a tragic, unusual event that gives rise to a reasonable suggestion of police error or misconduct. Plaintiff's original theory of liability was that Whitford and Sanford were aware of Plaintiff's "perilous," drug-induced condition but failed to relay that condition to jail staff. *See* ECF No. 19 at 8-9. This Court found the § 1983 claim plausible enough to proceed to discovery,

*id.* at 11-12, and Defendants do not argue that the claim was frivolous at the outset.  *Cf.* ECF No. 159-7 at 6-7 (arguing that claim became frivolous after discovery).

As is evident from the unfavorable determination at summary judgment, discovery did not reveal facts to support that theory of liability—*i.e.*, that Colon was in an obvious state of medical distress due to his use of fentanyl.  Plaintiff's counsel, however, did not continue to pursue that unsupported theory at summary judgment.  Instead, counsel contended that Whitford and Sanford's knowledge of Colon's mere "fentanyl use" was sufficient to require them to take steps to ensure his safety once at the jail, since excessive consumption of fentanyl may not immediately cause a person to exhibit outward signs of medical distress despite the potential risk of overdose. ECF No. 151-2 at 10; *see also, e.g.*, ECF No. 140-3 at 24 (arguing that the "level of [Colon's] impairment is of no consequence").  Plaintiff relied on the DOCCS Memorandum and Sanford's deposition testimony as support.  *See* ECF No. 151-2 at 10.

While the Court concluded that this alternative theory could not survive summary judgment, *see* ECF No. 171 at 13-14, the Court cannot say that counsel's theory had "absolutely no chance of success," *Healey*, 947 F.2d at 626, or was "utterly lacking in support."  *Chertok*, 752 F.3d at 307.  Rather than pursuing the original factual theory, which was not borne out in discovery, Plaintiff's counsel attempted to recast the § 1983 claim in a manner that was at least arguably supported by some record evidence.  It is entirely appropriate for an attorney to re-evaluate the factual theory underlying a legal claim once discovery has closed, and the Court cannot fault counsel for "legal creativity and zealous advocacy."  *Galin*, 283 F. Supp. 3d at 201.  That said, the Court acknowledges Defendants' position that, on summary judgment, Plaintiff's counsel did not advocate this claim in a consistent manner—for example, when counsel chose to withdraw the claim against Sanford but not Whitford.  *See* ECF No. 159-7 at 5.  However, because this Court

must resolve all doubts in counsel's favor, it views any such inconsistencies as good-faith attempts to tailor the § 1983 claim to the record evidence and to counsel's new, alternative factual theory, albeit attempts that were not entirely coherent or persuasive.

In short, Rule 11 is reserved for "extreme cases of misconduct," and the Court cannot conclude that the conduct of Plaintiff's counsel meets that high bar. *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 413 (S.D.N.Y. 2000). Defendants' Rule 11 motion is therefore DENIED.

## III.   Remaining State-Law Claims

In its December 7, 2022 Decision & Order, the Court indicated that it intended to decline to exercise supplemental jurisdiction over the remaining state-law claims. *See* ECF No. 171 at 15-16. The Court gave the parties an opportunity to file supplemental briefs, which they have provided. *See* ECF Nos. 172, 174. Plaintiff argues that the case "should be removed to State Court." ECF No. 174 at 1. Defendants assert that the Court should retain supplemental jurisdiction, arguing, *inter alia*, that it would be more efficient and fair to resolve the state-law claims in federal court because "there are several *uncontested* bases to decide the state law claims." ECF No. 172 at 4 (emphasis added); *see also id.* (noting that Plaintiff "already conceded [several] arguments [for dismissal] by failing to address them in her opposition papers").

The Court agrees with Defendants that Plaintiff's state-law claims can be rejected summarily and that, therefore, the interests of judicial economy, convenience, and fairness support the exercise of supplemental jurisdiction. *See, e.g.*, *Bilinski v. Keith Haring Found., Inc.*, 96 F. Supp. 3d 35, 48 (S.D.N.Y. 2015) (exercising supplemental jurisdiction where the state-law claims could "be resolved without considering any novel or complex questions of state law" and noting that "[c]onvenience and judicial economy weigh heavily in favor of resolving [] straightforward [state-law] claims").

Turning to the merits, the Court grants Defendants' motion for summary judgment with respect to Plaintiff's state-law claims. In their motion, Defendants argue that Plaintiff's state-law claims against Whitford, Pellicane, Logsdon, and Schwan are barred because Plaintiff failed to comply with notice-of-claim requirements. *See* ECF No. 141-54 at 36-39.

"In federal court, state notice of claim statutes apply to state law claims." *Dilworth v. Goldberg*, No. 10-CV-2224, 2011 WL 4526555, at *2 (S.D.N.Y. Sept. 30, 2011). "Under New York law, a notice of claim is a mandatory condition precedent to bringing a tort claim against a municipality." *Id.* Furthermore, "the notice-of-claim requirement applies to claims against county employees in their individual capacities," but "only where the county has a statutory obligation to indemnify them under any provision of law." *Longsworth v. Cty. of Nassau*, No. 17-CV-6787, 2019 WL 8587289, at *5 (E.D.N.Y. July 16, 2019) (internal quotation marks, emphasis, brackets, and ellipses omitted). "The notice of claim must set forth the nature of the claim and the time when, the place where and the manner in which the claim arose, among other things." *Clark v. N.Y.C. Housing Auth.*, 514 F. Supp. 3d 607, 611 (S.D.N.Y. 2021) (internal quotation marks omitted). "The reason for this requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the claim and to explore the merits of the claim while information is still readily available." *Id.* at 610 (internal quotation marks and brackets omitted). "Accordingly, the test of the notice's sufficiency is whether it includes information sufficient to enable the corporation to investigate the claim." *Id.* (internal quotation marks and brackets omitted).

Defendants contend that "Plaintiff's Notice of Claim is silent as to any of the theories of wrongdoing she now seeks" to raise against them. ECF No. 141-54 at 37. In her Rule 56 Statement of Undisputed Facts, Plaintiff conceded that "[t]he Notice of Claim does not allege Plaintiff's

8

claims were the result of the Defendants' alleged failure to relay Colon's drug use to the Jail staff; failure to properly search Colon; failure [to] conduct a proper assessment of Colon; failure to properly supervise Colon; or failure to place Colon on a higher level of supervision."  ECF No. 151-1 ¶ 210.  Furthermore, Plaintiff did not respond to Defendants' argument in her opposition memorandum.  *See generally* ECF No. 151-2.

Under the circumstances, the Court agrees with Defendants that Plaintiff has abandoned her state-law claims by failing to respond to Defendants' notice-of-claim argument.[2]  *See Szarzynski v. Roche Labs., Inc.*, No. 07-CV-6008, 2010 WL 811445, at *15 (W.D.N.Y. Mar. 1, 2020) ("[F]ederal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way."); *In re UBS AG Secs. Litig.*, No. 07-CV-11225, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (recognizing that a plaintiff may "concede" an argument "through silence").  Therefore, the Court grants Defendants' motion for summary judgment as to the state-law claims.

---

[2] In its order on Defendants' motion to dismiss, the Court rejected Defendants' cursory argument that "Plaintiff's state law claims must be dismissed because the Notice of Claim did not name Defendants or identify their acts/omissions." ECF No. 5-1 at 26; *see* ECF No. 19 at 13 (finding Defendants' argument "not persuasive").  Given the modifications to Plaintiff's factual theories of liability, as well as Defendants' efforts to more fully articulate their argument on this issue, *see* ECF No. 141-54 at 36-39, the Court does not consider its prior ruling preclusive.

**CONCLUSION**

For the reasons discussed above, Defendants' Rule 11 motion for sanctions (ECF No. 146) is DENIED.  The Court has decided to retain supplemental jurisdiction over Plaintiff's state-law claims, and Defendants' motion for summary judgment (ECF No. 141) is GRANTED with respect to Plaintiff's state-law claims.  Accordingly, Defendants are entitled to summary judgment on all of Plaintiff's remaining claims.  *See* ECF No. 171 at 10 (listing remaining claims).  However, the Court will refrain from entering judgment until Judge Pedersen rules on the issue of fees and costs related to Plaintiff's motion for sanctions.

IT IS SO ORDERED.

Dated: January 17, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York